UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CONYERS,

    Plaintiff,                                      Case No.

-vs.-

EQUIFAX INFORMATION SERVICES, LLC, AND
MOUNTAIN RUN SOLUTIONS, LLC,

    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, KENNETH CONYERS, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY CARL SCHWARTZ**, and for his Complaint against the Defendants, plead as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]) and Fair Debt Collection Practices Act (15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337 [hereinafter "FDCPA"].

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the town of Van Buren, Wayne County, Michigan.

4. Venue is proper in the Eastern District of Michigan, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in the town of Van Buren, Wayne County, Michigan.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that conducts business in the state of Michigan;

   b. Mountain Run Solutions, LLC ("Mountain Run"), which is a foreign limited liability company that conducts business in the state of Michigan.

## GENERAL ALLEGATIONS

7. Mountain Run is reporting an inaccurate tradeline ("False Tradeline") on Plaintiff's Equifax credit disclosure.

8. Mountain Run is reporting its account opened in August 2019 with a balance of $287.00.

9. The account information is false as the account reflected by the False Tradeline was paid by Plaintiff to the original creditor, MyMonitronics on February 18, 2013. Furthermore, the time of reporting this paid debt has lapsed by the Statute of Limitations as it has been over seven years since the date of the first delinquency.

10. The False Tradeline should be reported as paid.  This type of reporting gives the user of the report a far different and better impression of the Plaintiff, his character, and his desire to handle his financial obligations responsibly.

11. In December 2021, Plaintiff obtained his credit disclosure and noticed the False Tradeline reporting.

12. On or about January 28, 2022, Plaintiff, through Credit Repair Lawyers of America, submitted a letter to Equifax disputing the False Tradeline.

13. In his dispute letter, Plaintiff explained that he paid the account reflected by the False Tradeline.  Plaintiff attached a payment receipt confirming the same.  Plaintiff asked Equifax to delete the tradeline.

14. Equifax forwarded the consumer dispute to Mountain Run.

15. Mountain Run received the consumer dispute from Equifax.

16. On April 25, 2022, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax failed or refused to delete the tradeline.

17. The False Tradeline is wrong and does not properly reflect Plaintiff's account with Mountain Run. The False Tradeline is misleading to any user of Plaintiff's credit reports who sees the tradeline or who obtains his credit score that is based on the tradeline.

18. Equifax knew or should have known about its legal obligations under the FCRA prior to its violations of the FCRA.

19. As a direct and proximate cause of the Defendant's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, agitation, anger, and frustration due to Defendant's failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendant's violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN RUN SOLUTIONS, LLC

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax of Plaintiff's consumer dispute to the False Tradeline, Mountain Run negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

22. Mountain Run negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to delete the False Tradeline.

23. The False Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

24. As a direct and proximate cause of Mountain Run's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Mountain Run is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26. Plaintiff has a private right of action to assert claims against Mountain Run arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Mountain Run for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN RUN SOLUTIONS, LLC

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Mountain Run willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

29. Mountain Run willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

30. As a direct and proximate cause of Mountain Run's willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. Mountain Run is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive

damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Mountain Run for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff in violation of 15 U.S.C. § 1681e(b).

36. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

41. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY MOUNTAIN RUN SOLUTIONS, INC.**

46. Plaintiff reincorporates the preceding allegations by reference.

47. At all relevant times, Defendant Mountain Run, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

48. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debt.

49. Defendant Mountain Run is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant Mountain Run's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

50. Plaintiff has suffered harm and damages at the hands of the Defendant Mountain Run has this harm was one that was specifically identified and intended to by protected against on behalf of a consumer, such as the Plaintiff, by Congress.

51. Defendant Mountain Run's failure to flag its collection items on Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of his credit report that he has simply ignored this debt when, in fact, he disputes their validity.  Again, the

Defendant Mountain Run's failure or refusal to flag it as disputed depresses the Plaintiff's credit score.

52. To date, and as a direct and proximate cause of the Defendant Mountain Run's failure to honor its statutory obligations under the FDCPA, Plaintiff has suffered stress, agitation, anger, and frustrations. Additionally, the Plaintiff has continued to suffer from a degraded credit report and credit score.

53. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Mountain Run for actual damages, costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

May 17, 2022    Respectfully submitted,

        */s/Gary Hansz*
        GARY HANSZ (P44956)
        CARL SCHWARTZ (P70335)
        CREDIT REPAIR LAWYERS OF AMERICA
        Attorneys for Plaintiff
        39111 Six Mile Road, Suite 142,
        Livonia, MI 48152
        (248) 353-2882
        Fax (248) 353-4840
        Email – carl@creditor-law.com